IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No.  6:13-cr-10004-JTM

TROY A. BONG,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on defendant Troy Bong's motion to proceed without prepayment of fees and motion for appointment of counsel. (Dkts. 68, 69). These applications were filed in connection with defendant's recently-filed motion for relief under 28 U.S.C. § 2255. (Dkt. 66).

No fees are required to file a § 2255 motion. Accordingly, defendant's request to proceed without prepayment of fees is unnecessary and will be denied as moot.

The court has discretion to appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, the court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese,* 926 F .2d 994, 996 (10th Cir. 1991).

Defendant's § 2255 motion, which spans thirty-one pages, sets forth in detail the factual and legal bases for defendant's twenty-two separate claims. Most of the claims challenge specific actions or failures by defendant's trial counsel or by the trial court. Under the *Williams* factors, the court concludes that appointment of counsel is not warranted at this time. If the court later determines that a hearing is necessary, it will appoint counsel, assuming defendant qualifies under the standards of 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**IT IS THEREFORE ORDERED** this 12th day of April, 2016, that defendant's motion to proceed without prepayment of fees (Dkt. 68) is DENIED as moot; and defendant's motion for appointment of counsel is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the United States' response to defendant's § 2255 motion is due by May 21, 2016.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE