IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Crim. Case No. 6:13-cr-10004-JTM
                                                Civ. Case No.  6:16-cv-01088-JTM

TROY A. BONG,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant Troy Bong filed a timely motion under 28 U.S.C. § 2255 challenging his conviction and sentence. Dkt. 66. The matter is now before the court on defendant's motion to amend his § 2255 petition. Dkt. 84.  The court also has before it defense counsel's motion to expand the scope of his CJA appointment.

Defendant was subjected to an enhanced sentence under the Armed Career Criminal Act (ACCA). He now seeks to amend his § 2255 petition to allege that a prior conviction for trafficking contraband in prison did not qualify as a predicate "serious drug offense" under the ACCA. Defendant concedes that the one-year time limit for asserting new claims has expired, but argues the amendment is timely because it relates back to the filing date of the initial claims under Fed. R. Civ. P. 15(c). The Government opposes the request, arguing the amendment is a new claim that does not relate back.

"An amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the

original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). An amendment may relate back, however, when it does not seek to add a new claim or insert a new theory. *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). An amendment that by way of additional facts clarifies or amplifies a claim or theory in the original motion may, in the district court's discretion, relate back to the filing date of the original motion. *Id*. (*citing United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000)).

Defendant's initial petition claimed that his Sixth Amendment right to effective assistance of counsel was violated "when trial counsel failed to challenge the P.S.R. or the crimes used to qualify for the A.C.C.A. enhancement." Dkt. 66 at 26. To the extent defendant's amended petition asserts that his counsel was ineffective for failing to argue that his conviction for trafficking contraband did not qualify as a predicate felony under the ACCA, the amendment amplifies a claim that was asserted in the original motion. The court concludes that the amendment relates back and is timely to that extent.

In so finding, the court rejects an additional argument raised by the Government in its brief. The Government notes that the court previously appointed counsel for defendant for the limited purpose of raising claims related to *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See* Dkt. 74. Because the proposed amendment filed by defense counsel does not relate to *Johnson*, the Government argues the motion exceeds counsel's authority and should be denied on that basis. The court's limited appointment, however, means that counsel will be entitled to CJA reimbursement only for work that falls within the scope of the appointment. It is not a limitation on counsel's authority to

3

otherwise act on defendant's behalf or voluntarily undertake representation on issues beyond the scope of the CJA appointment.

In response to the foregoing argument, defense counsel has now submitted a motion to expand the scope of his CJA appointment to include all issues relating to defendant's prior convictions under the Armed Career Criminal Act. The court concludes that under the unique circumstances of this case, the motion should be granted.

**IT IS THEREFORE ORDERED** this 7th day of July, 2016, that defendant's Motion for Leave to Amend Petition (Dkt. 84) is GRANTED. The Government is granted 20 days from the date of this order to file a response to defendant's amended claim (Dkt. 84).

**IT IS FURTHER ORDERED** that defendant's Motion to Expand CJA Appointment (Dkt. 86) is GRANTED to the extent stated above.

                                        ___s/ J. Thomas Marten_____
                                        J. THOMAS MARTEN, JUDGE